### MANRIQUE DE LARA, PLAINTIFF AND APPELLEE, *v.* GARROSI, DEFENDANT AND APPELLANT.

APPEAL from the District Court of Ponce in an Action for
Temporary Alimony and *Litis Expensas.*

No. 1334.—Decided January 26, 1916.

TEMPORARY SUPPORT—LITIS EXPENSAS—APPEAL.—An appeal by the defendant in
an action for temporary support and *litis expensas* on the ground that the
court did not strike out a certain allegation of the complaint in which the
sum of $5,000 is claimed as *litis expensas,* can serve no practical purpose
when the judgment only orders the defendant to pay to the plaintiff thirty
dollars monthly for support and disregards the claim for *litis expensas.*

ID.—PLEADING—MEANS OF HUSBAND.—In an action for temporary maintenance an
allegation as to the means of the husband is in harmony with the provisions
of section 168 of the Civil Code, for the said section provides that the district
court shall order the husband to pay to the wife a sum for her separate main-
tenance in proportion to his means.

ID.—HOUSEHOLD ARTICLES AND AMUSEMENTS.—According to section 212 of the
Civil Code, separate maintenance is understood to be for food, lodging, cloth-
ing, and medical attention, and not for the purchase of household articles or
proper amusements.

ID.—PLEADING—COMPLAINT—RESIDENCE OF PLAINTIFF—DIVORCE.—In accordance
with section 168 of the Civil Code only the following allegations are necessary
in an action for separate maintenance: (*a*) That an action for divorce is
pending; (*b*) that the wife has not sufficient means to provide for her main-
tenance during the suit; (*c*) that the husband has means. It is not necessary
to allege that the plaintiff has resided in the Island for one year preceding
the action for maintenance, nor to set up facts proving the right of the plain-
tiff to a divorce.

ID.—PLEADING—DEFENSE.—As an action for maintenance is incidental to the ac-
tion for divorce which the plaintiff has brought against the defendant, alle-
gations which really constitute matter of defense in the main action of divorce
are not necessary in the incidental action, and only such allegations of defense
as bear a relation to section 168 of the Civil Code are pertinent to the answer.

ID.—JURISDICTION.—District courts have exclusive jurisdiction over actions for temporary support, as established by section 168 of the Civil Code. The court having jurisdiction of the main action has jurisdiction of a supplementary action.

APPEAL—EVIDENCE—STATEMENT OF CASE.—When the record does not contain a statement of the case there is no basis upon which to consider the result of the evidence, and as has been held repeatedly, the weight given thereto by the lower court cannot serve as grounds for discussion on appeal.

COSTS—ATTORNEY FEES.—The court acts in accordance with law when it imposes the costs, disbursements and attorney fees of the adverse party upon the defendant who defends without any reasonable grounds.

APPEAL—GROUNDS OF APPEAL—AGREEMENT OF APPELLEE TO REVERSAL.—When an appeal is once taken and is not withdrawn by the appellant it must be decided after considering the grounds upon which it is based, and the judgment appealed from must be affirmed or reversed according to law, even when the appellee agrees to the prayer of the appellant for the reversal of the judgment without entering upon a consideration of the said grounds.

The facts are stated in the opinion.

Messrs. José A. Poventud and Benito Forés for the appellant.

Messrs. Francis H. Dexter and F. G. Pérez Almiroty for the appellee.

MR. CHIEF JUSTICE HERNÁNDEZ delivered the opinion of the court.

While an action for divorce brought by Manuela Manrique de Lara against Tomás Garrosi was pending in the District Court of Ponce the plaintiff filed a supplementary complaint in the same court praying for an allowance for maintenance and litis expensas and alleging the following facts:

1. That in the complaint filed in her action for divorce the first prayer was for a decree of divorce and dissolution of the matrimonial bonds between the plaintiff and the defendant.

2. That the plaintiff is the lawful wife of the defendant and is in financial straits, being without means or income by reason of the fact that her husband has abandoned her.

3. That from the time the defendant abandoned her in the city of Barcelona, Spain, she has been obliged to meet not only the expenses necessary for her stay there, but also the

cost of returning to and living expenses in this island, all of which she estimates conservatively at $5,000.

4. That she further estimates that the expenses she will incur by reason of the action for divorce and liquidation of the conjugal partnership will amount to another $5,000.

5. That defendant Garrosi is worth more than $200,000 with an income of over $25,000 annually.

6. That in order to meet her current expenses, including special disbursements on account of sickness, purchase of necessary household articles and clothing, proper amusements, etc., she requires a further amount to be fixed by the court in its discretion, taking into account her social position and current customs and considering her husband's means, as provided for in section 168 of the Civil Code.

The complaint concludes with a prayer that the court render judgment for the plaintiff and against defendant Tomás Garrosi for the sum of $10,000 for expenses and *litis expensas* and a further amount to be paid her for maintenance *pendente lite* in accordance with the provisions of section 168 of the Civil Code, together with the costs and expenses of the proceeding.

The defendant moved to strike out counts 3 and 4 of the complaint, that part of count 5 which alleged that the defendant was worth more than $200,000, also count 6 in so far as it includes the purchase of household articles and proper amusements among the necessary expenses.

The defendant also demurred to the complaint on the ground that it did not state facts sufficient to constitute a cause of action. In his answer to the complaint he admitted that the plaintiff had brought an action against him for divorce, alleged that the marriage contracted between them was null and void, and denied the other fundamental allegations of the complaint.

In his answer the defendant set up five new grounds of defense of which the first three referred to the nullity of the

marriage between the plaintiff and the defendant, and the last two charged the plaintiff with acts of adultery, cruel treatment and grave injuries.

The answer was also demurred to by the plaintiff on the ground that the nullity of the marriage and the charges of adultery, cruel treatment and grave injuries did not constitute a good defense.

On May 5, 1915, the court, by a single order, overruled the motion to strike out except as to the third allegation of the complaint, and also overruled the demurrer to the complaint. As to the demurrer of the plaintiff to the defendant's answer, the court sustained the same as to the five new grounds of defense and ordered that in the present action the evidence should be limited to proof of the plaintiff's need of the allowance for maintenance sued for and the financial ability of the defendant to furnish the same.

The case coming on for trial, the parties introduced documentary and oral evidence, and on May 17, 1915, the court rendered judgment by which "it ordered that defendant Tomás Garrosi pay to plaintiff Manuela Manrique de Lara $30 monthly in advance beginning March 27, 1915, the date on which the complaint was filed, and also pay the costs, disbursements and plaintiff's attorney's fees."

From that judgment the defendant appealed to this court.

As grounds for his appeal the appellant alleges that the lower court erred as follows:

1. In not striking out the fourth allegation of the complaint in which the sum of $5,000 is specified as *litis expensas.*

2. In not striking out the fifth allegation of the complaint which sets up that the defendant is worth more than $200,000, and in not striking out that part of the sixth allegation which relates to the purchase of household articles and proper amusements.

3. In overruling the demurrer of the defendant to the complaint.

4. In sustaining the demurrer of the plaintiff to the first, second and third allegations of new matter of defense in which the nullity of the marriage between the parties was set up.

5. In sustaining the demurrer to the fourth and fifth allegations of the answer, in which the plaintiff was charged with adultery, cruel treatment and grave injuries.

6. In holding that the evidence should be limited to proof of the plaintiff's need of an allowance for maintenance and the ability of the defendant to furnish the same.

7. In not dismissing the action for an allowance for maintenance on the ground of lack of jurisdiction.

8. In ordering the defendant to pay $30 monthly to the plaintiff after the court itself had found that the plaintiff's income amounted to only $40 monthly.

9. In imposing the costs, disbursements and plaintiff's attorney's fees upon the defendant.

10. In rendering the judgment appealed from.

The first error assigned serves no pratical purpose, for even supposing that it was committed it would not bring about a reversal of the judgment, which orders only that the defendant pay to the plaintiff $30 monthly for maintenance and disregards the claim for *litis expensas.*.

The first ground of the second error assigned is without foundation, for section 168 of the Civil Code provides that the district court shall order the husband to pay to the wife a sum for her separate maintenance in proportion to his means, and therefore an allegation of the means of the husband is in harmony with the said section. As to the second ground of the said error, it is absolutely immaterial because the order appealed from allows the wife $30 monthly for her support, and, according to section 212 of the Civil Code, this is understood to be for food, lodging, clothing and medical attention, and not for the purchase of household articles and proper amusements.

As to the third error, the complaint in the action for maintenance contains all the facts necessary to constitute a cause of action in a case like the present.

In treating of the provisional measures to which a suit for divorce may give occasion in Chapter III, Title V, Book First, the Revised Civil Code provides in section 168 that

"If the wife have not sufficient means to provide for her maintenance during the suit, the district court shall order the husband to pay her a sum for her separate maintenance in proportion to his means."

In order that the said section may be applied the following requisites only are necessary: (*a*) That an action for divorce is pending; (*b*) that the wife has not sufficient means to provide for her maintenance during the suit; (*c*) that the husband has means.

The necessary allegations are made in the complaint with regard to these requirements and, therefore, it is sufficient to support the plaintiff's action.

It is not necessary to allege, as contended by the appellant, that the plaintiff has resided in this island for one year immediately preceding the action for maintenance nor to set up facts proving the right of the plaintiff to a divorce. Such allegations may be quite proper in the action for divorce, but not in an action for maintenance.

As to the fourth, fifth and sixth errors assigned, we are of the opinion that as the action for maintenance is incidental to the action for divorce which the plaintiff has brought against the defendant, allegations which really constitute matter of defense in the main action of divorce are not necessary in the present proceeding.

This being an action for temporary support, only such allegations of defense as bear a relation to section 168 of the Civil Code transcribed above are pertinent in the answer.

We shall not discuss the bearing these errors might have on an action for alimony when no action for divorce is pending.

It is contended in the seventh assignment of error that the court was without jurisdiction because, having ordered the defendant to pay a monthly sum of $30, it is evident that the amount involved in the suit, reckoned upon a yearly basis, does not exceed $1,000, and that therefore, according to section 3 of the Unlawful Detainer Act which is applicable to the case, the action should have been brought in the municipal court and not in the district court.

The district court had exclusive jurisdiction of this case, as section 168 transcribed herein conclusively establishes. A court having jurisdiction over the main action also has jurisdiction over a supplementary action.

We have no basis upon which to consider the eighth assignment of error because the record does not contain a statement of the case setting forth the findings of fact. As we have repeatedly held, the weight which the lower court gives to the evidence cannot serve as a basis for discussion on appeal.

As regards the ninth assignment of error, we are of the opinion that the court acted in accordance with law in imposing the costs, disbursements and attorney's fees of the adverse party on the defendant, for he contested that part of the complaint relating to maintenance, which was the principal object of the action, without any legal ground of defense.

We have nothing to say regarding the tenth error assigned, because, in violation of the rules of this court, it is not stated in what the error consists.

We wish to observe that on the day set for the hearing of the appeal the plaintiff-appellee moved this court to consider her as agreeing to a reversal of the judgment without entering upon a consideration and decision of the questions submitted to this court by the appellant. The appellant rightly objected to this because when an appeal is taken and is not withdrawn by the appellant it must be decided after a consideration of the grounds upon which it is based, and

the judgment appealed from must be affirmed or reversed according to law.

The judgment appealed from should be

*Affirmed.*

Justices Wolf, del Toro, Aldrey and Hutchison concurred.

On February 25, 1916, a motion for reconsideration was overruled.